**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLIED PROGRESS,<br>1875 Connecticut Avenue NW, 10th Floor<br>Washington, DC 20009-6046<br><br>*Plaintiff,*<br><br>v.<br><br>CONSUMER FINANCIAL<br>PROTECTION BUREAU,<br>1700 G Street NW<br>Washington, DC 20552<br><br>*Defendant.* | Case No. 19-cv-0582 |

## COMPLAINT

1.  Plaintiff Allied Progress brings this action against the Consumer Financial Protection Bureau under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Allied Progress is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff Allied Progress is a consumer watchdog organization that uses research, including FOIA requests, to hold federal government officials accountable for the undue influence of financial industry interests on government activities and decisions. Allied Progress is primarily engaged in disseminating information to the public and uses the information gathered from public records requests to educate the public through reports, press releases, and other media. Allied Progress makes information it gathers available on its public website. Allied Progress is located in Washington, D.C.

6.      Defendant the Consumer Financial Protection Bureau (CFPB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). CFPB has possession, custody, and control of the records that Allied Progress seeks.

## STATEMENT OF FACTS

7.      On September 26, 2018, *The Washington Post* reported that CFPB official Eric Blankenstein, a political appointee who was brought on to lead CFPB's Supervision, Enforcement and Fair Lending division, expressed controversial views on a blog related to racial slurs and hate crimes. The FOIA requests at issue seek information that would shed light on how CFPB officials responded to reports of Mr. Blankenstein's comments and what actions they took to ensure that the views he expressed do not affect agency policy.

8.      On October 4, 2018, Allied Progress submitted four FOIA requests to CFPB (the "October 4th FOIA Requests").

9.      The first request sought:

> [A]ll emails sent by, to, or carbon copying ("CC") the following
> officials from September 24, 2018, through September 28, 2018:

- *Eric Blankenstein*
- *John Czwartacki*

10. The second request sought:

*[C]ertain emails that were sent by, sent to, or carbon copied ("CC") the following officials from September 29, 2018, through the date this request is processed*:

- *Eric Blankenstein*
- *John Czwartacki*

*Specifically, [Allied Progress requests] all emails from these officials during this time period that contain any of the following keywords:*

- *"Blankenstein"*
- *"Eric"*
- *"discrimination"*
- *"tone and framing"*
- *"zero tolerance"*
- *"racial"*
- *"racist"*
- *"hate crimes"*
- *"hate speech"*
- *"birther"*
- *"egb3r"*
- *"Two Guys Chatting"*

11. The third request sought:

*[C]ertain emails that were sent by, sent to, or carbon copied ("CC") the following officials from September 24, 2018, through the date this request is processed*:

- *Mick Mulvaney*
- *Kirsten Sutton Mork*
- *Patrice Ficklin*
- *Christopher D'Angelo*

*Specifically, [Allied Progress requests] all emails from these officials during this time period that contain any of the following keywords:*

- *"Blankenstein"*
- *"Eric"*

3

- *"discrimination"*
- *"tone and framing"*
- *"zero tolerance"*
- *"racial"*
- *"racist"*
- *"hate crimes"*
- *"hate speech"*
- *"birther"*
- *"egb3r"*
- *"Two Guys Chatting"*

12. The fourth request sought:

    *[A]ll emails sent by, sent to, or carbon copying ("CC") any employee within the Office of Fair Lending and Equal Opportunity between September 24, 2018, and the date this request is processed, which contain any of the following keywords:*

    - *"Blankenstein"*
    - *"Eric"*
    - *"discrimination"*
    - *"tone and framing"*
    - *"zero tolerance"*
    - *"racial"*
    - *"racist"*
    - *"hate crimes"*
    - *"hate speech"*
    - *"birther"*
    - *"egb3r"*
    - *"Two Guys Chatting"*

13. On October 5, 2018, Allied Progress submitted a fifth FOIA request to CFPB (the "October 5th FOIA Request"), seeking:

    *[A]ll emails from any CFPB employee sent in reply (including all forwarded emails) to the following emails sent by CFPB officials:*

    - *Subject: "My thoughts" (sent by Patrice Ficklin on September 28, 2018)*
    - *Subject: "Message to my colleagues" (sent by Eric Blankenstein on October 1, 2018)*
    - *Subject: "Update from the Acting Director" (sent by Mick Mulvaney on October 2, 2018)*

4

14. By email dated October 11, 2018, CFPB acknowledged Allied Progress's October 4th FOIA Requests, aggregating the four requests and assigning them one tracking number, BCFP-2019-0013-F. CFPB also indicated that "[d]ue to the anticipated volume, [it would] invoke a 10-day extension for your request, as allowed by 5 U.S.C. § 552(a)(6)(B)."

15. Allied Progress responded to CFPB's email on October 12, 2018, clarifying what Allied Progress perceived to be a misunderstanding of the requests by CFPB in its October 11, 2018 email, and offering to provide any further clarification CFPB may request.

16. On November 15, 2018, CFPB emailed Allied Progress, providing initial information on the volume of potentially responsive records, and requesting that Allied Progress email or call to discuss narrowing their requests.

17. While CFPB had not separately acknowledged Allied Progress's October 5th FOIA Request, CFPB's November 15, 2018 email referred to searches CFPB ran seeking records potentially responsive to that request, confirming CFPB's receipt of the October 5th FOIA Request and aggregation of that request with the October 4th FOIA Requests under tracking number BCFP-2019-0013-F.

18. Allied Progress made multiple attempts, starting on December 6, 2018, and continuing into January 2019, to contact CFPB by phone and email to discuss the five FOIA requests.

19. Allied Progress received no response from CFPB to its phone calls or emails, except for automated email replies, until February 13, 2019, when CFPB emailed Allied Progress, acknowledging the agency's delayed response, and asking for "info/clarification on the request."

20. Allied Progress responded by email on February 15, 2019, offering to prioritize and narrow in part its requests.

21.     Allied Progress has received no further communication from CFPB regarding the October 4th FOIA Requests or the October 5th FOIA Request.

*Exhaustion of Administrative Remedies*

22.     As of the date of this complaint, Defendant has failed to (a) notify Allied Progress of any determination regarding its FOIA requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

23.     Through Defendant's failure to respond to Allied Progress's FOIA requests within the time period required by law, Allied Progress has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

24.     Allied Progress repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25.     Allied Progress properly requested records within the possession, custody, and control of CFPB.

26.     CFPB is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

27.     CFPB has failed to promptly review agency records for the purpose of locating those records that are responsive to Allied Progress's FOIA requests.

28.     CFPB's failure to conduct an adequate search for responsive records violates FOIA.

29. Plaintiff Allied Progress is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Allied Progress's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

30. Allied Progress repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. Allied Progress properly requested records within the possession, custody, and control of CFPB.

32. CFPB is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

33. Defendant is wrongfully withholding non-exempt agency records requested by Allied Progress by failing to produce non-exempt records responsive to its FOIA requests.

34. Defendant is wrongfully withholding non-exempt agency records requested by Allied Progress by failing to segregate exempt information in otherwise non-exempt records responsive to Allied Progress's FOIA requests.

35. Defendant's failure to provide all non-exempt responsive records violates FOIA.

36. Plaintiff Allied Progress is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Allied Progress respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Allied Progress's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Allied Progress's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Allied Progress's FOIA requests;

(4) Award Allied Progress the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Allied Progress such other relief as the Court deems just and proper.

Dated: March 4, 2019

Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851

*/s/ Katherine M. Anthony*
Katherine M. Anthony
MA Bar No. 685150*
*Pro hac vice* motion to be submitted

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005

(202) 897-4213
beth.france@americanoversight.org
katherine.anthony@americanoversight.org
john.bies@americanoversight.org

*Member of the MA bar only; practicing in the District of Columbia under the supervision of members of the D.C. Bar while application for D.C. Bar membership is pending.

*Counsel for Plaintiff Allied Progress*